Argued September 2, affirmed as modified September 24, 1952

## RUE v. RUE
### 248 P. 2d 339

*W. C. Winslow,* of Salem, argued the cause for appellant. With him on the brief was Norman K. Winslow, of Salem.

*J. William Stortz,* of Salem, argued the cause for respondent. With him on the brief was George A. Rhoten, of Salem.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

This is an appeal by Elmer Rue, defendant husband, from a decree granting to plaintiff, upon her complaint, separation from bed and board for an unlimited length of time. Defendant, by separate answer, prayed for a decree of divorce from plaintiff. The trial court, in addition to granting the wife a decree for separate maintenance, ordered defendant to pay her $125 per month for support, in addition to $600 for attorney's fees and suit money.

■ We have carefully read the briefs and record and are of the opinion that the evidence sustains the court's decree granting to plaintiff separate support and maintenance.

■ As to the decree ordering defendant to pay $125 per month support money, we find that under the circumstances such an amount is excessive. Plaintiff and defendant were married on October 25, 1924, the children of the marriage having attained their majority. Defendant has more or less been incapacitated by injuries, and, for the past number of years, has been operating the farm, consisting of 90 acres, held jointly by the parties as tenants by the entirety. There are 55 acres in cultivation, and defendant's sole income is from the operation of this farm which amounts to about $1,400 annually. A number of years ago some property which the parties owned in California was sold, and plaintiff acquired the entire proceeds of the sale, amounting to $5,200. There is nothing in the record indicating that defendant has any earthly holdings other than his interest in the farm, some farm machinery and an old automobile. We believe that $75

per month is as much as defendant will be able to pay as support money.

We consider $600 allowance for attorney's fees excessive. This will be decreased to $250, and plaintiff will be awarded costs in both courts.

AFFIRMED AS MODIFIED.