FLORENCE S. SHRAGER *v.* IRVING SHRAGER

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

484

Argued June 5—decided July 8, 1957

*Morris Robinson,* for the appellant (plaintiff).

*William C. Bieluch,* with whom, on the brief, was *Helen F. Krause,* for the appellee (defendant).

BALDWIN, J. The plaintiff has appealed from a judgment of the Superior Court rendered upon her application for the modification of an award of alimony and for support of a minor child.

The plaintiff was granted a divorce from the defendant in an uncontested action in the Superior Court in Fairfield County on March 13, 1946. An order was entered for the payment by the defendant of $25 a week for the support of the two children of the marriage, Edward, born August 29, 1938, and Peter, born February 7, 1941. Custody of the children was awarded to the plaintiff. A further order of the court required the defendant to pay $1 a month alimony. This order was modified after a hearing on April 11, 1947, when the defendant testified that his income was $45 a week, to provide for alimony in the sum of $5 a week.

The defendant has remarried. Since 1947 the circumstances of the parties have changed materially. With the consent of the plaintiff, Edward, when not attending school, has resided with the defendant, who has a substantial home free of any mortgage.

Prior to May, 1955, the defendant also maintained an apartment in New York. He is engaged in the advertising business and owns his own company, John Shrager, Inc., which did a gross business in 1954 of $133,000. The estimated gross income for the corporation in 1955 was $153,000. The plaintiff, since the divorce, has supported herself and Peter, and she supported Edward as long as he lived with her. She managed to do this by using her earnings as a secretary as well as the support payments received from the defendant. These were usually in arrears. Since August 1, 1955, the plaintiff has resided with Peter in a small apartment for which she has been paying $76 per month. Her net earnings are $60 a week. It has been necessary for her to buy furniture for the apartment, and she is paying $33 a month on the furniture. She has a one-third remainder interest in her father's estate. At the time of the hearing on the present application, the value of that estate was approximately $30,000. The plaintiff has been receiving loans of $50 weekly from the estate to supplement her income. She also owes $5400 to the estate for nine years' rent prior to 1955. She spends about $5 a week for Edward.

Since 1950 the defendant's business has increased steadily. A detailed account of his attempts to evade the payments ordered to be made to the plaintiff and to conceal the amount of his income in order to defeat any effort by the plaintiff to obtain a larger amount is unnecessary. It suffices to state in summary that the money paid by the corporation, in 1954 to the defendant's present wife, who performed no services for the corporation, and to him, in the form of salary and expenses and in other ways, was $13,343. From January 1, 1955, through September 30, 1955, the corporate records show that

the defendant drew salaries payable to himself and his wife in the amount of $5628. What he has received from other sources was not ascertainable because for some reason not apparent he was permitted to refuse an examination of his personal records. The fact remains, however, that he is the author of a book, that he carries $25,000 in life insurance, that there are two automobiles registered in the name of his wife, and that he and his family take an annual vacation in Florida.

The application to modify the order entered in 1947 was made on November 14, 1955. The court increased the award for the support of Peter from $12.50 a week to $15 and denied any increase in alimony to the plaintiff.

The appeal places in issue only so much of the judgment as concerns the award of support and alimony. The amount of alimony or of an award for the support of children is within the sound discretion of the trial court, and its action will not be disturbed unless its discretion appears to have been abused. In fixing the amount of alimony and support, the estate of the husband and his income, age, health and earning capacity are the circumstances primarily to be considered. *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791, and cases cited. Under § 7340 of the General Statutes, after divorce the obligation to support a minor child or minor children of the marriage rests upon both parents according to their respective abilities. *White* v. *White,* 138 Conn. 1, 5, 81 A.2d 450. We cannot say that the court abused its discretion in awarding $15 a week for Peter's support.

The court's refusal to modify the order made in 1947 for alimony of $5 a week presents a different situation. We have consistently refused to disturb

awards of alimony. *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627; *Bielan* v. *Bielan,* 135 Conn. 163, 169, 62 A.2d 664; *French* v. *French,* 135 Conn. 542, 547, 66 A.2d 714; *Elmore* v. *Elmore,* 138 Conn. 408, 410, 85 A.2d 491; *England* v. *England,* 138 Conn. 410, 414, 85 A.2d 483; see Keezer, Marriage & Divorce (3d Ed.) p. 632; 2 Nelson, Divorce & Annulment (2d Ed.) pp. 45, 61. This practice does not establish the proposition that such an award should never be disturbed, but rather that it should be disturbed only under the clearest circumstances. *Heard* v. *Heard,* 116 Conn. 632, 635, 166 A. 67. Alimony is based upon the continuing duty of a divorced husband to support a wife whom, in legal contemplation, he has abandoned. *Christiano* v. *Christiano,* 131 Conn. 589, 596, 41 A.2d 779; *Wright* v. *Wright,* 93 Conn. 296, 300, 105 A. 684. Ordinarily, the amount of this support should be sufficient to provide her with the kind of living which she might have enjoyed but for the breach of the marriage contract by the defendant. The award of $5 a week alimony, made in 1947 when the defendant testified that his gross income was $45 a week, is so clearly inadequate under the defendant's present circumstances that it requires a reconsideration by the trial court. Every case in this category presents its own peculiar facts, and authorities are not controlling. Other courts, however, have not hesitated to overrule the trial court when it appears that its discretion has been wrongly exercised. *Dean* v. *Dean,* 222 Ark. 219, 222, 258 S.W.2d 54; *Williams* v. *Williams,* 206 Ga. 341, 57 S.E.2d 190; *Holmstedt* v. *Holmstedt,* 383 Ill. 290, 300, 49 N.E.2d 25; *Polivick* v. *Polivick,* 259 Ky. 653, 659, 83 S.W.2d 8; *Cooley* v. *Cooley,* 320 Mich. 209, 213, 30 N.W.2d 840; *Rue* v. *Rue,* 196 Ore. 192, 193, 248 P.2d 339.

There is error in part, the judgment is affirmed except as to the amount of alimony awarded and a new trial is ordered limited to that issue.

In this opinion O'SULLIVAN, C. J., DALY and KING, Js., concurred; WYNNE, J., dissented.