WILLIAM J. RICCIO, JR. v. ANN RICCIO

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 9, 1965—decided January 13, 1966

 

*Michael R. J. O'Connor,* with whom, on the brief, was *David M. Reilly, Jr.,* for the appellant (plaintiff).

*Joseph J. Mager,* for the appellee (defendant).

ALCORN, J. The plaintiff has appealed from the denial of his motion to modify a decree in a divorce action relative to the support of his minor child. He claims, in substance, that, since he has remarried, the court erred in not considering the needs of the wives and children of both marriages in the light of his overall financial situation, and that it had discretion to grant the modification which he sought on the basis of those needs and the plaintiff's and defendant's financial situation as disclosed in affidavits.

The essential facts are not in issue. The defendant, on her counterclaim, was granted a divorce from the plaintiff in December, 1959. In the divorce decree the plaintiff was ordered to pay alimony of $5 a week and support of $25 a week and all medical bills for a five-year-old son. In April, 1962,

the decree was modified, on the agreement of the parties, to require the plaintiff to pay $1 a year alimony and $25 a week for the support of the child. At that time the plaintiff had remarried and was the father of a child of the second marriage. On March 26, 1965, the plaintiff made the motion for modification which is the subject of this appeal. At the time of the hearing on this motion he was living with his second wife and the two children of that marriage. His gross income then was not less than it had been when the original decree was passed in 1959, and the defendant's income had increased only slightly since the modification made in 1962. No testimony was offered in support of the motion. The court's ruling was based on unrecorded statements of counsel and affidavits of income and expense filed by the parties and made a part of the record in this appeal.

The amount of an award for the support of children incident to a divorce is a matter within the sound discretion of the trial court and will not be disturbed unless the discretion appears to have been abused. *Shrager* v. *Shrager,* 144 Conn. 483, 486, 134 A.2d 69. Various circumstances enter into the determination of the amount, including the estate of the husband, his income, age, health and earning capacity and the age, health, station and separate estate of the wife. *Heard* v. *Heard,* 116 Conn. 632, 636, 166 A. 67. There is nothing in this record to indicate that the court failed to take all relevant factors into account, although the record is silent concerning the substance of some of them. We are, of course, completely uninformed as to what facts were laid before the court in the unrecorded statements of counsel. The affidavits which were made a part of the record purport to list the

assets, liabilities, income and expenses of the plaintiff and the income and expenses of the defendant. We are not told which, if any, of the items in the exhibits were found by the court to be true. If the needs of the second wife and the children of the second marriage were disclosed to the court, there is nothing before us to indicate that fact, and consequently nothing to indicate the financial circumstances of that family. The court concluded only that the plaintiff's financial hardship had resulted from his remarriage and the birth of children of that marriage but that the remarriage was not alone sufficient to justify a modification of the support decree. That was a proper conclusion, and it is unaffected by the attack attempted in this appeal.

There is no error.

In this opinion the other judges concurred.