MIRIAM L. YATES *v.* DAVID R. YATES

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued October 10—decided November 9, 1967

*Victor M. Gordon,* for the appellant (defendant).

*Walter B. Schatz,* with whom was *Frances Allen,* for the appellee (plaintiff).

COTTER, J. This is an equitable action by a wife against her husband for future support of herself and a minor child. See General Statutes § 46-10. In December, 1964, the court rendered judgment for the plaintiff, ordering, inter alia, future weekly payments for the support of the plaintiff and a minor son from which no appeal was taken. Thereafter, this judgment was modified on two occasions. After a hearing on the last requested modification, the court ordered that the defendant pay $50 per week for the support of the plaintiff and $35 per week for the support of the minor child.[1]  The

---

[1] The court in its finding reached the conclusion that "the present order of the Connecticut Court for the wife's support" is the same amount as the alimony award obtained in Arkansas.  The order incorrectly uses the word "alimony."  We therefore treat the case as one in which the court ruled on a modification of an order for future equitable support as properly found in its conclusion.

defendant has appealed from this order modifying the judgment.

It is the defendant's claim that the principal issue involved in this appeal is whether a husband can be ordered by a court to pay an amount of money for the support of his wife and child which is more than his "net take-home income."

The facts found, with such minor additions as may be made, are as follows: As of August 18, 1966, the date of the hearing on the modification in question, the court found no arrearage. On May 25, 1966, a decree of divorce was granted to the plaintiff-wife in Arkansas. That divorce action was instituted by the husband in Arkansas and was contested by the wife. Financial terms were agreed upon by the parties, the divorce was granted to the wife on her counterclaim, and the defendant was ordered by that court to pay $50 per week as alimony. The Arkansas decree did not affect the order for support of the minor child in the present case.

The defendant is a medical doctor qualified to practice as a general practitioner in Connecticut, New York and Arkansas and is presently employed as an anatomical pathologist, a junior staff member at Memorial Hospital for Cancer and Sloan-Kettering Institute in New York City. He is mainly concerned with research and teaching. He receives $627.84 every four weeks, which amounts to $8161.92 annually. From that four-week amount, $156.84 is deducted for state and federal taxes and for social security. This leaves the defendant a net income of $6123 a year after tax deductions. In addition to other ordinary expenses, he is compelled to pay for his own meals, and an amount is deducted from his pay check for rent furnished by the hospital. The defendant has been aided financially by his father,

who is unwilling to lend him further funds. The plaintiff requires $142.60 a week to support herself and the child. The court concluded that the defendant has a high potential in earning power and found that he could earn many times his present salary but that he has elected to continue on in research.

A wife is entitled to future support, in an equitable action such as this, by virtue of the marriage contract, and the duty of a husband to provide such support is dependent on the existence of the marriage relation. *Zybura* v. *Zybura,* 142 Conn. 553, 556, 115 A.2d 452. Termination of the marital relationship by a divorce decreed in Arkansas, the legality of which is not disputed by the parties, precludes the continuance of an order for future equitable support in behalf of the wife beyond the time of the divorce. *Ingersoll* v. *Ingersoll,* 348 Mass. 209, 210, 202 N.E.2d 820; *Brewster* v. *Brewster,* 204 Md. 501, 506, 105 A.2d 232; 27B C.J.S., Divorce, § 380; 27 Am. Jur., Husband and Wife, § 413, p. 20, § 429, p. 34; see *Smith* v. *Smith,* 151 Conn. 292, 298, 197 A.2d 65.

The obligation of the defendant for the support of the minor child was not terminated by the divorce. By virtue of § 46-26 of the General Statutes, however, after the divorce such obligation is on the parents to maintain the child of their marriage according to their respective abilities. The court, in such a case, shall inquire into the pecuniary abilities of the parents and may make and enforce such a decree for the maintenance of the child as it considers just. *White* v. *White,* 138 Conn. 1, 5, 81 A.2d 450. The obligation must be determined within the reasonable limits of their ability, and what is reasonable must be arrived at by the court

after a full disclosure of the financial condition of the parents and their station in life. See *Zybura* v. *Zybura,* supra, 557; *State* v. *Moran,* 99 Conn. 115, 120, 121 A. 277. The amount of an award of this nature is a matter within the sound discretion of trial court, which must consider "the estate of the husband, his income, age, health and earning capacity and the age, health, station and separate estate of the wife." *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431; note, 1 A.L.R.3d 208, 224; 24 Am. Jur. 2d, Divorce and Separation, § 839.

It is the plaintiff's claim that her former husband voluntarily reduced his earnings by changing his employment, knowing that this act would affect his ability to continue the support of his family and that under the circumstances of this case the court is justified in considering his prospective earnings as well as measuring his capacity to support his family by his former earnings. *Knutson* v. *Knutson,* 15 Wis. 2d 115, 118, 111 N.W.2d 905; *Weiss* v. *Weiss,* 392 S.W.2d 646, 647 (Mo.); 27A C.J.S. 1038, Divorce, § 233; 2 Nelson, Divorce and Annulment (2d Ed., Rev. 1961) § 14.44. This claim raises two concepts for consideration by the court in determining an award for reasonable support based on earning capacity. In the first instance, as to future prospects or high earning potential, the plaintiff urges the court to find that the defendant has a high earning capacity upon which to base an award because of his ability to practice medicine as a general practitioner even though he has been entirely engaged in medical research and teaching. The determination of an award of this nature is controlled by no fixed standard. It is for the trial court to decide whether the plaintiff has established the fact that a husband has wilfully restricted his earn-

ing capacity so as to deny his child the reasonable support which it is his duty to supply. The element of a wilful attempt to deprive one of a reasonable award for support, as applied by the courts, is illustrated by such a case as *Knutson* v. *Knutson,* supra, in which a husband who conducted a highly lucrative medical practice abandoned his specialty to accept a position at a modest salary. Conduct warranting the application of such a rule does not appear to have been specifically established in the finding of facts by the court. Nor has the trial court specifically concluded that the defendant carried on such a wilful course of behavior so as to consider this a proper factor in fixing an award. The findings of fact do not support the general conclusion that the defendant has a high potential in earning capacity and could earn many times his present salary. The court did remark during the course of the hearing that it was sure the defendant only "makes $75.00 because we know doctors [in training] are grossly underpaid" but that "he has a high potential."

Under the second concept, concerning a voluntary reduction in earnings, the finding shows that the defendant was earning $460 per month in Arkansas, and, on changing his employment to New York, his net salary for a four-week period was $471. This fact, standing alone, fails to show that the defendant voluntarily and deliberately reduced his earnings so as to deprive the plaintiff of reasonable support for the child of the marriage.

The facts found do not adequately set forth the financial condition of the parents necessary to a determination of the issue presented in this appeal as to the obligation upon them, by virtue of General Statutes § 46-26, to maintain the child of their

marriage according to their respective abilities. Without such a finding, we cannot determine whether the order of the court as to the support of the minor child is or is not an abuse of its sound discretion. Further proceedings are therefore necessary.

There is error, the order from which the appeal is taken is set aside and the cause is remanded with direction to deny equitable support to the plaintiff, Miriam L. Yates, and to determine what is a reasonable amount for the support of the child on the basis of the respective abilities of the parents.

In this opinion the other judges concurred.