EVELYN FOWLER *v.* KENNETH F. FOWLER

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 8—decided June 25, 1968

*John W. Kline,* for the appellant (defendant).

*William M. Vishno,* for the appellee (plaintiff).

RYAN, J.   On December 13, 1959, the Superior Court in New Haven rendered a decree of divorce for the plaintiff and ordered the defendant to pay the sum of $2.50 per week for the support of each of the two minor children of the marriage. Custody of the minor children was awarded to the plaintiff, and no change has been made with respect to that order. On February 8, 1967, on motion of the plaintiff, the defendant was ordered by the court to appear to show cause why he should not be found in contempt for failure to comply with the court's order for the support of the minor children. Upon the hearing on the motion, the trial court found that the defendant was in arrears in his support payments and adjudged him in contempt. An order was entered that the defendant might purge himself of contempt by the payment of $1 per week on the amount found in arrears and by the payment of $5 per week in fulfilment of the current order of court. From this judgment the defendant has appealed.

The finding of subordinate facts, which is not at-

tacked, recites the following: The defendant never made any of the support payments ordered by the court from his personal funds from the date of the divorce judgment to the date of the hearing on the contempt citation on March 29, 1967. Effective January, 1965, the defendant qualified for a disability award from the Social Security Administration. As a result of this award to the defendant, the plaintiff, in her capacity as guardian of the minor children, received monthly payments of $105 for their support. At the time of the contempt hearing, these payments aggregated $2835. As of that time, the defendant, in pursuance of the court's order, should have paid to the plaintiff for the support of the minor children the sum of $1895. The total of the social security payments received by the plaintiff for the support of the minor children exceeded the amount of the support payments due from the defendant under the support order. The judgment in the divorce action made no provision for the substitution of a social security award payable to the plaintiff as guardian of the minor children in place of the support payments ordered, and the defendant has never moved to modify the order of support in view of the social security award. The defendant has been receiving the sum of $66.15 a month from the Veterans Administration during the entire period following the divorce and, since January, 1965, the sum of $105 per month from the Social Security Administration for his own support.

The trial court concluded that the Social Security Administration payments to the plaintiff were not allowable as a credit against the defendant's arrearage and found the defendant in contempt of court. The defendant has assigned error in the conclusions of the trial court.

Under § 46-26 of the General Statutes, after divorce the obligation to support a minor child or children of the marriage rests upon both parents according to their respective abilities. *Yates* v. *Yates,* 155 Conn. 544, 547, 235 A.2d 656; *White* v. *White,* 138 Conn. 1, 5, 81 A.2d 450. The amount of an award for the support of children incident to a divorce is a matter within the sound discretion of the court and will not be disturbed unless the discretion appears to have been abused. *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431; *Shrager* v. *Shrager,* 144 Conn. 483, 486, 134 A.2d 69. An order for the support of minor children is not based solely on the needs of the children but takes into account what the parent can afford to pay. In consequence of this, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. *Delevett* v. *Delevett,* 156 Conn. 1, 4, 238 A.2d 402. The amount of the support order in the instant case was minimal and indicates clearly that the trial court in rendering the divorce decree and the support order was cognizant of these considerations. That the trial court in the contempt proceeding was aware of the same considerations is evidenced by the order requiring the payment of only $1 a week on the arrearage, while continuing the existing order of $5 per week.

The defendant claims that payments to the plaintiff for the support of the minor children which were received from the Social Security Administration should be credited to him on account of support due from him under the support order on the theory that such payments displaced the court-ordered payments. In support of his claim, he cites *Cash* v. *Cash,* 234 Ark. 603, 353 S.W.2d 348, which held that

the husband should be credited with the full amount of the social security payments and that he should not be obliged to pay any additional amount. The factual situation in the *Cash* case was quite different from that in the instant case. The defendant Cash was at no time in default and had scrupulously obeyed the court order. The plaintiff moved for an increase in the weekly amount payable under the support order, and the defendant Cash filed a counterpetition alleging that he had been obliged to retire because of the mandatory policy of his employer and requesting that he be relieved from paying the support order in view of the payments by the Social Security Administration to the plaintiff for the support of the minor child. If Cash were not allowed credit for the social security payments, he would have insufficient income to provide for himself.

"Upon an application for a modification of an award of alimony pendente lite, alimony or support of minor children, filed by a person who is then in arrears under the terms of such award, the court shall, upon hearing, first ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and thereafter, in its discretion, may determine whether any modification shall be ordered prior to the payment, in whole or in part as the court may order, of any arrearage found to exist." Practice Book § 381. In the instant case, the defendant did not at any time move for a modification of the support order. The question for determination by the trial court on the rule to show cause was whether the defendant was in contempt of court. In the light of the findings that for more than five years the defendant had completely ignored the order of court, that at

no time had he made any payment from his personal funds in obedience to the order, and that during that time the minor children received nothing from him until the payments from the Social Security Administration were initiated in January, 1965, it cannot be said that the trial court abused its discretion in finding the defendant in contempt of court.

The court's conclusion that the Social Security Administration payments to the plaintiff were not allowable as a credit against the defendant's arrearage cannot be disturbed. This conclusion relates only to the factual situation of the instant case. The trial court did not conclude as a matter of law, as the defendant claims, that such payments are not allowable as a credit to the defendant in fulfilment of a court-ordered payment where the factual situation justifies such an order. As indicated in *Cash* v. *Cash,* supra, 607, such social security payments made by the federal government were earned in part by the defendant himself and are not altogether a gift from the federal government. See *Horton* v. *Horton,* 219 Ga. 177, 178, 132 S.E.2d 200. Within the sound discretion of the trial court such payments may properly be considered in determining the extent of the obligation of a parent to support minor children, together with "the estate of the husband, his income, age, health and earning capacity and the age, health, station and separate estate of the wife." *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431. Under the circumstances of the instant case, the trial court was correct in declining to credit the defendant with these payments.

There is no error.

In this opinion the other judges concurred.