CYNTHIA B. CLEVELAND *v.* JOHN L. CLEVELAND, JR.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 1—decided July 9, 1971

*Frederick L. Comley,* with whom was *Robert J. Cooney,* for the appellant (defendant).

*Ralph P. Dupont,* with whom was *Antoinette L. Dupont,* for the appellee (plaintiff).

RYAN, J. On December 12, 1967, the plaintiff was granted a decree of divorce from the defendant and was given the care and custody of four minor children, subject to visitation rights by the defendant in accordance with a carefully detailed schedule. The defendant was ordered to pay to the plaintiff the sum of $1500 per year for the support of each of the children. He was also ordered "to pay the expense of board, room and tuition of each child in boarding school or college, provided that he is consulted with and approves those educational institu-

tions before matriculation." The judgment further provided that "[t]he support payments for each child in boarding school or college shall be reduced fifty per cent for each month the child is away from home in school or college, while the defendant is paying that child's educational expenses." The defendant was also required to pay all medical and dental expenses exceeding $100 for any one accident or illness per child. The plaintiff was awarded as permanent alimony the sum of $160,000 in cash or marketable securities approved by the plaintiff, the family home in Ridgefield, Connecticut, a summer home on Block Island and an automobile. The defendant was also required to place $40,000 in escrow "[t]o insure the payments for support, education and medical and dental expenses."

On August 13, 1969, the plaintiff filed a motion requesting that the judgment be modified, inter alia, by deleting therefrom any requirement that the defendant approve educational institutions prior to matriculation therein by the minor children. The plaintiff also requested that the defendant be ordered to pay to the plaintiff the sum of $11,350 expended by her for the educational expenses of the minor children, less any deduction in the monthly support payments to which the defendant may be entitled. The trial court modified the judgment to provide that the defendant shall pay for the education of the minor children at boarding school and college provided he is advised three weeks in advance of the placement of any of the minor children in a school other than the school attended immediately prior thereto and requiring the defendant to pay a reasonable sum for the support of the minor children instead of $1500 per year for each child. The defendant appealed to this court.

The defendant assigns error in that there was no claim by the plaintiff of a material change in circumstances on which to predicate a modification of the judgment; that there was no finding by the trial court of a material change of circumstances; and in that the trial court was without jurisdiction to modify the judgment retroactively to require the defendant to pay the sum of $11,350 less any reduction in monthly support payments to which the defendant may be entitled. The defendant also assigns error in the finding and conclusions of the trial court. No evidence was offered by either party except a stipulation that the plaintiff expended the sum of $11,350 for private schools for the minor children. Counsel argued at length the claims of their respective clients and the court's finding would appear to be predicated upon their statements and briefs.

The following facts were found by the court: The plaintiff and defendant have four minor children, issue of their marriage: Thomas, born June 24, 1952; John, born October 17, 1953; David, born September 14, 1957, and Amy, born July 19, 1962. From May, 1967, to June 19, 1969, the plaintiff expended the sum of $11,350 for private schools for the three oldest children. Thomas attended The Forman School, Litchfield, Connecticut, from September, 1967, to June, 1969, and is presently enrolled at Dublin School, Dublin, New Hampshire. John attended Harvey School, Katonah, New York, during the academic year 1967–68 and, thereafter, in September, 1968, matriculated at Kent School, Kent, Connecticut, which he is still attending. David matriculated at Harvey School, Katonah, New York, in September, 1967, and he is now attending that school. The plaintiff has paid the expenses for

room, board and tuition for the academic years 1967–68 and 1969–70, inclusive, $6150 on account of Thomas, $3135 on account of John, and $1250 on account of David. The defendant has paid the full monthly support payments for each of the three children as ordered by the terms of the judgment, and, therefore, he is entitled to a credit against any sum found due to the plaintiff for educational expenses. The defendant concedes that from time to time he has been notified by the plaintiff of her choice of schools for the children in question. The defendant has not approved the schools selected by the plaintiff and has refused to pay the cost of tuition and other fees for these schools except in the case of the Harvey School for the academic year 1967–68 and at the Kent School for the current academic year, on behalf of his son, John. Neither the plaintiff nor the defendant claims any change in financial circumstances between the date of the original judgment and the filing of the motion to modify the judgment. At all times since the entry of judgment, the defendant has claimed that the judgment gives him a voice in the choice of schools, including consideration of public schools as well as private schooling. The parties communicated with one another regarding the choice of a public versus a private school for their son, Thomas, for the current academic year but were unable to agree. There has been much bitterness between the parties during the course of these proceedings. The defendant never offered to testify as to his reasons for disapproving the plaintiff's choice of schools and makes no claim that these choices were other than recognized private boarding schools.

The court concluded, inter alia, that the order to pay the educational expenses of the children, pro-

vided the defendant is consulted and approves the educational institutions, had not been complied with by the defendant; that the defendant was given full and ample opportunity in the choice of schools but failed to take advantage of it; that the words "provided that he is consulted with and approves those educational institutions before matriculation," when used in the context of the judgment, are intended to afford the defendant protection from unreasonable educational expenses; that the judgment does not require the court to arbitrate, on an annual basis, the parties' disputes over the schools their children should attend; that the grant of custody of the minor children to the plaintiff conferred on her the right and duty to make all necessary decisions respecting the educational needs of the children; and that the plaintiff and the defendant have been manifestly unable to cooperate in the choice of schools. The defendant was ordered to pay $8660 to the plaintiff as reimbursement for educational expenses incurred on behalf of the children through July 30, 1969. The judgment was modified in two respects, as indicated.

The determination of the conflicting claims of the parties concerning the claimed indebtedness of the defendant to the plaintiff for the educational expenses of the children requires an interpretation of the judgment rendered and, unlike a request for modification of a judgment, is not dependent on a material change of circumstances after the order was rendered. The defendant claims that under the terms of the judgment rendered December 12, 1967, he had the right to consultation and approval of the schools to be attended by the children before their matriculation. The clear and unambiguous language of the judgment confirms this claim. Web-

ster's Third New International Dictionary defines "consult" as "to ask advice of," "seek the opinion of," "to take counsel," to "deliberate together." The finding indicates that from time to time the plaintiff notified the defendant of her choice of schools for the children and in the case of one child for one academic year the parties communicated but could not agree on the school. Mere notification is not consultation. The court's order, as determined from the language used in the judgment, contemplated that the parties should jointly consider and decide which educational institutions their children should attend, subject to the right of approval by the defendant prior to their matriculation. While the defendant, of course, was under a duty to act reasonably and in good faith in the consultations and in the exercise of his power of approval, there is no evidence that the plaintiff attempted to engage in consultation. Actually, she merely notified the defendant of her choice of schools and sent the children to those schools in spite of the defendant's disapproval.

We are unable to agree with the trial court's construction of the judgment. There was no evidence to support the conclusion that the defendant was in violation of the order of the court contained therein. The plaintiff did not testify, and the fact that she indicated her willingness to do so, as found by the court, is not a substitute for evidence. It is also true that the fact, as found by the trial court, that the defendant did not offer to testify concerning his reasons for disapproving of the plaintiff's choice of schools for the children is of no significance. The burden of proof was on the plaintiff and the defendant was under no obligation to testify. The order of the court directing the defendant to

pay the plaintiff the sum of $8660 as reimbursement for the educational expenses incurred by her through July 30, 1969, cannot be sustained. Under the terms of the judgment the defendant is not liable for these educational expenses of the children.

"Under § 46-26 of the General Statutes, after divorce the obligation to support a minor child or children of the marriage rests upon both parents according to their respective abilities. *Yates* v. *Yates,* 155 Conn. 544, 547, 235 A.2d 656; *White* v. *White,* 138 Conn. 1, 5, 81 A.2d 450. The amount of an award for the support of children incident to a divorce is a matter within the sound discretion of the court and will not be disturbed unless the discretion appears to have been abused. *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431; *Shrager* v. *Shrager,* 144 Conn. 483, 486, 134 A.2d 69." *Fowler* v. *Fowler,* 156 Conn. 569, 572, 244 A.2d 375. The defendant urges that the trial court was not empowered to modify the judgment so as to give the plaintiff the sole power in the selection of schools for the children. Section 46-23 of the General Statutes provides: "On any complaint for a divorce, the court may, at any time, make any proper order as to the custody, care and education of the children and may, at any time thereafter, annul or vary such order." This statute creates an exception to the general rule that a court has no power to open a judgment after the expiration of the term in which it was rendered. See *Poneleit* v. *Dudas,* 141 Conn. 413, 416, 106 A.2d 479, and cases cited. To limit the use of the power given to the trial courts by § 46-23 and to give effect to the principle of res judicata, there has developed a rule, which is accepted by this court, that before an order as to custody or support of children may be modified there must have been a

material change of circumstances after the order was issued. *Tippin* v. *Tippin,* 148 Conn. 1, 3, 166 A.2d 448; *Sullivan* v. *Sullivan,* 141 Conn. 235, 239, 104 A.2d 898; see *Ogles* v. *Warren,* 148 Conn. 255, 258, 170 A.2d 140; *Freund* v. *Burns,* 131 Conn. 380, 385, 40 A.2d 754; 24 Am. Jur. 2d 959, Divorce and Separation, § 846. This rule should apply with equal force to modification of the judgment with respect to provisions contained therein relating to the education of minor children.

The defendant claims that the requisite change in circumstances to permit modification of the judgment in this manner was not present in this case. The trial court found that neither the plaintiff nor the defendant claims any change in financial circumstances. Financial considerations, while important, are not the only factors to be examined in determining whether there has been a material change of circumstances which would warrant modification of the judgment. The trial court found that there had been much bitterness between the parties during the course of the proceedings and concluded that they have been manifestly unable to cooperate in the choice of schools for the children, thereby creating the possibility of uncertainties in the educational plans of the children. These facts, together with the conclusion of the court that the defendant was given full and ample opportunity concerning the choice of schools but failed to exercise it, might well warrant a conclusion that there was a material change in circumstances. As we have already indicated, however, there is no evidence to support a finding that the defendant failed to comply with the judgment. It was not established that the plaintiff had fulfilled the conditions precedent required by the judgment, namely, consultation with the defend-

ant and the approval of the schools by the defendant prior to matriculation.

The defendant claims that it is not the law of this state that a parent may be compelled to provide private school education for his children. There was no appeal from the original judgment and the defendant is not in a position to complain about it at this time. The courts of other states are not uniform in their decisions on this question. The majority, and we believe the better view, is that courts have the power to direct one or both parents to pay for private schooling, if the circumstances warrant. It is a matter to be determined in the sound discretion of the court on consideration of the totality of the circumstances including the financial ability of the parties, the availability of public schools, the schools attended by the children prior to the divorce and the special needs and general welfare of the children. Notes, 133 A.L.R. 902, 909, 56 A.L.R.2d 1207, 1215.

The trial court also modified the order for support payments from $1500 per year for each of the minor children to require that "the defendant shall pay to the plaintiff a reasonable sum for the support of the minor children." Neither party requested such a change and neither has assigned error in the modification in this respect. It would appear, however, that the lack of specificity in such an order might well be a cause of misunderstanding between the parties and present some difficulty of application by the court. It is desirable, therefore, that the trial court, on remand, reconsider the amount of such support payments in a manner not inconsistent with this opinion.

There is error, the orders appealed from are set aside and the case is remanded for further proceed-

ings in accordance with this opinion (1) to render judgment for the defendant on the claim of the plaintiff for reimbursement in the sum of $8660 for educational expenses incurred by her in behalf of the minor children through July 30, 1969, and (2) to determine whether or not a modification of the judgment is required and if it is required, to modify the judgment accordingly.

In this opinion the other judges concurred.