CYNTHIA B. CLEVELAND *v.* JOHN L. CLEVELAND, JR.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 1—decided June 5, 1973

*Ralph P. Dupont,* with whom, on the brief, was *Antoinette L. Dupont,* for the appellant (plaintiff).

*Frederick L. Comley,* with whom, on the brief, was *Robert J. Cooney,* for the appellee (defendant).

BOGDANSKI, J.  The plaintiff has taken this appeal from the action of the Superior Court in deleting an educational expense provision from a divorce decree

dated December 12, 1967, and substituting therefor a new order of support. The deleted provision had required the defendant "to pay the expense of board, room and tuition of each such child in boarding school or college, provided that he is consulted with and approves those educational institutions before matriculation." The new order of support directed the defendant to pay the plaintiff $1500 per year for each child and all medical and dental bills exceeding $100 for any one accident or illness for each child.

The plaintiff directs several assignments of error at the court's finding. She contends that the court failed to add twenty-four paragraphs to the finding which, she claims, were either admitted or undisputed. No additions to the finding are warranted, however, because some of the proposed additions are merely detailed restatements of facts already in the finding and the rest either are immaterial or are not undisputed. *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274; *Brauer* v. *Freccia,* 159 Conn. 289, 290, 268 A.2d 645; *Bent* v. *Torell,* 139 Conn. 744, 748, 97 A.2d 270. The plaintiff requests also the deletion from the finding of four paragraphs or portions thereof on the ground that they were found without evidence. As the evidence printed in the appendix to the defendant's brief amply supports these findings, no deletions can be made. Practice Book § 718. The plaintiff's final attack on the finding seeks correction or deletion of six paragraphs on the ground that they are found in language of doubtful meaning. In fact the court's language in these paragraphs appears to be clear and unambiguous. As such corrections are rarely to be made and never for the mere purpose of substituting language of counsel for that of the court, this claim must be

denied. See Practice Book § 628. The plaintiff's remaining assignments of error challenge the court's conclusions and its rulings on her claims of law.

A brief review of the history of this case must precede any discussion of the issues raised on this appeal. On December 12, 1967, the plaintiff was granted a decree of divorce from the defendant and was given the custody of their four minor children subject to certain visitation rights granted to the defendant. The judgment of divorce ordered the defendant to pay for the board, room and tuition of each child in boarding school or college, provided that the defendant, on consultation, approved the educational institutions before matriculation. The judgment also required the defendant to make support payments of $1500 per year for each child. On August 13, 1969, on the plaintiff's motion, the Superior Court modified the foregoing judgment to require the defendant (1) to pay for the children's educational expenses in boarding school and college provided that he receive notice three weeks in advance of any child's change of schools, and (2) to pay a reasonable sum for the support of the children. From this modification the defendant appealed to this court, which set aside the orders appealed from and remanded the case to the trial court to determine whether a modification of the judgment was required and, if so, to modify the judgment accordingly. *Cleveland* v. *Cleveland,* 161 Conn. 452, 461–62, 289 A.2d 909. We suggested also that the lack of specificity in the trial court's order requiring the defendant to pay a "reasonable sum" for the children's support might cause difficulty for both the court and the parties, and we directed that the court reconsider the amount of support payments. Id., 461.

On the remand to the Superior Court (*Mulvey, J.*), the defendant also moved for a modification, alleging that there had been a substantial change in the circumstances of the parties since the judgment of December, 1967, and that the plaintiff had refused to consult with him concerning the choice of schools for the children.

In addition to the facts previously recited, the trial court on remand made these findings: During the school year 1966–67, two of the Cleveland children, David and Thomas, attended public schools and another son, John, attended a boarding school. After the defendant had expressed strong feelings to the contrary, and without further consultation with him, the plaintiff enrolled David and Thomas in private schools for the year 1967–68. In 1969–70, both children were again transferred to different private schools by the plaintiff without any consultation with the defendant, who wished to enroll Thomas in a public school and disapproved of the school to which David was sent. The plaintiff transferred John from one private school to another in 1968–69, against the stated wishes of the defendant, and she kept John there, without meaningful discussion or consultation with the defendant, for both 1969–70 and 1970–71, despite the defendant's wish that he attend a different school. Similar disagreements between the parties continued unabated up to the time of trial.

The trial court then concluded that both the plaintiff and the defendant were sincerely concerned with the proper education of their children, although they held conflicting beliefs as to what schools would be most appropriate for each child at any particular time, and that the plaintiff had neither consulted

meaningfully with the defendant concerning the children's educational programs nor obtained his approval prior to enrolling the children in various private schools. The court concluded further that the defendant had acted reasonably and in good faith concerning his children's education and that the differing views of the parties generated a bitterness and arrogance of opinion that resulted in uncertainty in the children's educational plans, thus making unworkable that provision of the 1967 judgment which obligated the defendant, on prior consultation and approval, to pay the children's boarding school and college expenses. On the basis of the foregoing conclusions, the court determined that there had been a material change in circumstances after the 1967 judgment. The court ordered the deletion of the unworkable educational expense provision from the judgment and ordered the defendant to make support payments in the sum of $1500 per year for each child.

In her assignments of error the plaintiff contends that the facts found do not support the modification because there is no finding of a material change in the parties' financial circumstances. She further contends that the facts do not support the modification with respect to the private school education of the children because there is no finding of a material change of circumstances as a basis for such a modification. Her final claim is, in essence, that the court failed to follow the directions of this court on remand. These claims lack merit.

Under § 46-26 of the General Statutes, after divorce the obligation to support a minor child or children of the marriage rests on both parents according to their respective abilities. *Yates* v. *Yates,*

155 Conn. 544, 547, 235 A.2d 656; *White* v. *White,*
138 Conn. 1, 5, 81 A.2d 450. The amount of an award
for the support of children incident to a divorce is
a matter within the sound discretion of the court
and will not be disturbed unless the discretion ap-
pears to have been abused. *Fowler* v. *Fowler,* 156
Conn. 569, 572, 244 A.2d 375; *Riccio* v. *Riccio,* 153
Conn. 317, 319, 216 A.2d 431.

Section 46-23 of the General Statutes provides:
"On any complaint for a divorce, the court may, at
any time, make any proper order as to the custody,
care and education of the children and may, at any
time thereafter, annul or vary such order." This
statute creates an exception to the general rule that
a court has no power to open a judgment after the
expiration of the term in which it was rendered.
*Poneleit* v. *Dudas,* 141 Conn. 413, 416, 106 A.2d 479.
"To limit the use of the power given to the trial
courts by § 46-23 and to give effect to the principle
of res judicata, there has developed a rule, which
is accepted by this court, that before an order as to
custody or support of children may be modified there
must have been a material change of circumstances
after the order was issued. *Tippin* v. *Tippin,* 148
Conn. 1, 3, 166 A.2d 448; *Sullivan* v. *Sullivan,* 141
Conn. 235, 239, 104 A.2d 898. . . . This rule should
apply with equal force to modification of the judg-
ment with respect to provisions contained therein
relating to the education of minor children." *Cleve-
land* v. *Cleveland,* 161 Conn. 452, 459–60, 289 A.2d
909.

Although the trial court concluded that there had
been no material change in the financial circum-
stances of the parties, such circumstances, while
important, are not the only factors to be examined

in determining whether there has been a material change of circumstances which would warrant modification of the judgment. *Cleveland* v. *Cleveland,* supra. The strong and opposing views of the parties regarding the educational programs of their children subject the children to educational uncertainty and could further undermine the stability of their position, a position already damaged by the inability of the parties to maintain their marital status. This adherence by the parties to their conflicting views, with its adverse effect on the children, amply supports the conclusions reached by the trial court that the educational expense provision of the 1967 divorce decree is unworkable and that there has been a material change of circumstances sufficient to warrant a modification of the judgment. *Cleveland* v. *Cleveland,* supra.

The trial court's conclusions are tested by the finding; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; and the conclusions reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. We hold that the conclusions reached by the trial court are legally consistent with the facts found, that the court applied the correct rules of law material to the case, and that the court did not act in abuse of its discretion in modifying the judgment.

There is no error.

In this opinion the other judges concurred.