[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CHILDSUPPORT (#145) AS AMENDED BY MOTION TO AMEND (#158)
A judgment dissolving the parties' marriage was entered on June 8, 1989 (#112) at which time an agreement (#110) bearing said date was found by the court to be fair and equitable and was incorporated in the judgment by reference § 46b-66, C.G.S. In the agreement, the parties agreed to joint custody with the three children residing with the plaintiff. The defendant agreed to pay child support of $1,111.11 per month, per child. He further agreed to pay periodic alimony of $3,166.67 monthly for the first year and at other amounts for the succeeding eleven years. However, the alimony obligation was terminated by the plaintiff's remarriage on CT Page 9167 November 24, 1989.
The plaintiff filed a Motion For Modification of Child Support (#137.50) as to the daughter Jessica only, who was attending the Long Ridge School at an annual expense of $12,000.00. The parties reached an agreement that stated:
 "The defendant shall reimburse the plaintiff for necessary and mandatory fees for Jessica's attendance at Long Ridge School from September 1993 through June 1994. Within two (2) weeks he shall reimburse the plaintiff $10,955.30 and shall pay $1,045.00 directly to the Long Ridge School."
It was approved and made an order of the court on February 14, 1994 (#139) and (#140).
Jessica attended Villa Maria School for the September, 1994 — June, 1995 school year for which the defendant voluntarily paid $10,400.00.
Both parents agree that Jessica has a learning disability, needs smaller classes with more personal attention and has done better at Villa Maria.
On December 8, 1994 the plaintiff obtained an order of notice for service of a Motion For Modification of Child Support as to the older son, Jonathan, who was in 10th grade at Northfield Mount Herman School at an annual cost of about $22,000.00 and as to Oliver who was in the 3rd grade at Long Ridge School at an annual cost of about $8,200.00 (#145). The motion was amended on April 17, 1995 to add Jessica (#158).
The plaintiff is a family therapist. In June, 1989, she was consulting, earning $430.00 gross monthly (#109). Presently, she earns $1,362.00 monthly gross from several private patients seen at her home. She still consults but volunteering her time. She and her present husband have one child, Eloise. Suffice to say that the plaintiff's present husband supports this family.
In June 1989 the defendant's financial affidavit (#108) listed gross monthly salary of $15,833.33 and, after mandatory deductions, $7,261.68 net disposable income. An asterisk notes that he was eligible for a discretionary bonus of approximately 15% of gross salary. He now earns an annual salary of $24,166.00 gross and, CT Page 9168 after mandatory deductions, a net of $14,053.00. Although defendant's counsel has represented to the court that his deferred compensation of 10% of his salary and his 401(k) contribution have not reduced his gross salary as listed, the court recommends listing them to dispel any doubt as well as for future reference. He has remained with the same employer who furnishes him with a 1994 Land Rover for which he is assessed at $5,480 as additional annual income, so that the defendant's gross annual income from his employment is $295,500.00. No bonus has been paid since one was received in 1993 for 1992 efforts. His employer also matches 50% of his contribution and, although not current income, is a benefit but is not considered by the court for this modification. On June 10, 1995, the defendant remarried. His present wife is not currently employed.
To consider the merits of the plaintiff's motion the court must first determine that a substantial change of circumstances occurred after the original order was entered. The defendant's income from employment has increased from $190,000.00 to $295,500.00, an increase exceeding 50% and certainly the gain constitutes a substantial change in circumstances.
The parties' agreement is silent on the issue of education to be provided the minors. This fact distinguishes this case fromCleveland v. Cleveland, 161 Conn. 452, 457 where the court was called upon to interpret the judgment rendered which did make orders concerning the expense of board, room and tuition of each child in boarding school or college. In that case the interpretation could be had without finding a change in circumstances.
Both parties cite Hardisty v. Hardisty, 183 Conn. 253 as the leading case on this issue of private school expense sought to be paid for via a child support order. The opinion declares that issue before it to be one of first impression, Id., p. 264. By applying the same tests used in Hardisty to the facts of this case, the court makes the following findings.
Each of the three children are eager to continue in the private school each attended this school year just completed. The cost for each school, excluding incidentals, is set out on Plaintiff's Exhibit #6 for Jessica at Villa Maria $11,300.00, on Plaintiff's Exhibit #7 for Oliver at Long Ridge School $8,775.00 and Plaintiff's Exhibit #8 for Jonathan at Northfield Mount Herman School as a boarding student $20,500.00. The three bills total CT Page 9169 $40,575.00.
In considering Jessica's needs first, it is undisputed that she has special educational needs which are met by the attention afforded her at Villa Maria and which, according to her mother's unchallenged testimony, would not be met in the local public school. The father has demonstrated the financial means to pay for such education and he has been able to pay for it.
A more difficult situation involves Oliver. There was no evidence that the youngest child had any special educational or psychological need for private schooling. The father has never paid for Oliver's private schooling although asked to do so last summer. He did say on the stand that the [he] wanted to see the best for Oliver. That is not to say that he wanted to see him in private school. The defendant is presently paying $13,333.33 in child support for Oliver. From this sum the plaintiff has sent the boy to three camps costing $1,300.00 and pays for piano lessons costing $2,640.00 annually. It does appear that the present order already contributes a substantial portion of the tuition even after allowing for food, clothing and incidentals. Further, the court finds that, without the defendant's consent, and with minimal consultation, presented the child's enrollment and tuition bill as a "fait accompli". When the defendant still refused, the plaintiff's present husband paid the bill. The court cannot find sufficient basis to order the defendant to pay for Oliver's private schooling. There was no showing that his educational needs could not be met in public school.
The most difficult situation involves Jonathan. There was no evidence demonstrating why it is necessary for the boy to attend boarding school and in particular, one that is located several driving hours from Stamford. The defendant has always objected to this school's location. There is nothing in the record to warrant a finding that the boarding aspect is meeting any educational or psychological need of the boy. No explanation was offered to the court regarding the selection of this particular school. No evidence was submitted regarding the boy's academic performance, his extracurricular activities or involvement in athletics. To paraphrase Hardisty, there is no showing that, but for this divorce, this child would probably have attended a private school and as a boarder, Id., p. 264.
The silence of the agreement on this issue of private secondary education leads the court to infer that the secondary CT Page 9170 school educational needs of the children were not of conscious concern in 1989. When the plaintiff elected to enroll the boy in Northfield Mount Herman, she foreclosed any further exploration of other schools including those that the boy might have attended as a day student. It is also noted that the defendant did not express any principled preference for public secondary schooling. Neither party offered any evidence concerning the adequacy or inadequacy of the local public high school of any other private school, and the attendant cost, which could provide for the boy's educational needs. The court cannot go outside the record and speculate. The plaintiff's motion is specific in its request and the court cannot expand the issue, Cleveland, surpa [supra], p. 461.
The motion is granted as to Jessica. The defendant is ordered to pay the Villa Maria tuition and other mandatory expenses, as billed on Exhibit #6 in addition to the child support ordered in 1989 and to continue paying the child's tuition at Villa Maria in future years until further court order.
The motion is denied as to Oliver.
The motion is denied as to Jonathan.
No counsel fees are awarded to either party.
HARRIGAN, J.