[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PENDING MOTIONS
Pending before the court is the defendant Eric Schrumm's motion to modify the judgment to terminate alimony and the plaintiff Fredericka Schrumm's motion for contempt for the defendant's failure to pay alimony. Judgment entered in this case on June 28, 1996. The relevant portion of the judgment provides that for the first two years after the judgment the plaintiff would receive periodic alimony of $700 per week to be reduced to a non-modifiable amount of $550 per week if she marries or cohabits. After this two-year period, the periodic alimony would be $700 a week and would terminate upon the death of either party, the plaintiffs marriage, or her cohabitation. The defendant stopped paying alimony for a period of time and an arrearage of $9,700 was created. The defendant claims that he is not required to pay this arrearage and that his alimony obligation should terminate because the plaintiff cohabits with a man, a Mr. Oppenheim.
The court credits the testimony of the plaintiff about her relationship with Mr. Oppenheim. The plaintiff and Mr. Oppenheim each maintain their own homes and household expenses. They do not share joint accounts or joint assets. Mr. Oppenheim has spent the night at the plaintiffs residence once as a result of a storm. The plaintiff will typically spend one to three nights a week at Mr. Oppenheim's residence usually on weekends as they both work during the week. They often socialize together and occasionally give each other gifts. They have discussed the possibility of getting married. In short, they are dating and have been dating for some time. The court heard evidence about their relationship when judgment entered.
In some cases, the court must decide whether a provision in a divorce decree terminating alimony if the recipient cohabits is using the common law definition of cohabitation or the statutory definition. See generally, C.G.S. Sec. 46b-86(b); Demaria v.Demaria, 247 Conn. 715 (1999). In the present case, the court need not grapple with this interpretation dilemma because the facts here clearly establish that under either definition the CT Page 5927 plaintiff is not cohabiting. Contrary to the defendant's position, no reasonable review of the evidence could possibly support a finding that the plaintiff and Mr. Oppenheim are cohabiting under either a common law or statutory definition of this term.
The defendant also contends that a continuation of alimony on these facts would be contrary to the public policy to preserve and promote marriage and family. More specifically, he argues that the legislative scheme was not intended "to create a system wherein couples are specifically encouraged not to marry, and in fact are provided a subsidy in perpetuity if they `know the rules' and adjust their living arrangements accordingly." Defendant's Trial Brief: Claims of Law, p. 20. An express aspect of this argument is that alimony should not be provided when the recipient is receiving or is capable of receiving financial support from someone else with whom she could be living.
This argument fails for two reasons. First, the evidence fails to establish why the plaintiff and Mr. Oppenheim have not married. Many factors come into play when people decide whether or not to get married and the defendant has not proven by a preponderance of the evidence that the only, or even the primary reason why these individuals have not married is because the alimony would terminate.
Second, the defendant's public policy argument fails to appreciate completely the full scope and design of the state's alimony statute and the broad discretion the statute vests with the court to award alimony. The statute authorizes the court to condition the receipt of alimony on any number of factors as long as they are within the reasonable exercise of the court's discretion. See generally, C.G.S. Sec. 46b-83; Cleveland v.Cleveland, 165 Conn. 95 (1973). Indeed, the court may make an alimony award non-modifiable as to either amount or term so that alimony would continue even if the recipient cohabits or remarries. See Vandal v. Vandal, 31 Conn. App. 561 (1993). Additionally, Section 46b-86(b) provides that alimony may be subject to modification when the recipient lives with another person only when the cohabitation also changes the recipient's financial circumstances, and even if this event occurs, the actual modification of alimony is not mandatory, but is left in the discretion of the court.
In the instant case, the court was aware of the plaintiffs CT Page 5928 relationship with Mr. Oppenheim when judgment entered and only chose to expressly condition the termination of alimony on the passing of two years and the parties' death or the plaintiff's remarriage or cohabitation. Certainly, any part of the defendant's argument alleging that the terms of the judgment itself violate public policy should have been raised through a direct appeal of the judgment, rather than through a motion to modify. In any event, nothing about this order or its application violates public policy any more than if the court had premised the termination of the alimony only on the wife's remarriage. See generally, Burns v. Burns, 41 Conn. App. 716 (1996). The court appreciates that situations may occur where a recipient of an alimony award may attempt to hide or conceal a living arrangement which must be viewed as cohabitation and must subject the alimony to termination, but such a situation is not presented by the facts of this case.
Thus the motion to modify is denied and the motion for contempt is granted. The court finds that the defendant's failure to pay the alimony on this record was wilful and contemptuous. The court orders the following sanctions: the defendant shall pay the $9,700 arrearage in full within 60 days; the defendant shall also pay compensatory sanctions of $1,000 within 60 days. So ordered.
May 26, 1999.
Stevens, J.