[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree on September 27, 1991 at the Hartford Superior Court. The plaintiff CT Page 4448 filed a financial affidavit showing income by way of social security disability in the amount of $328.75. The defendant was defaulted for failure to appear and the plaintiff submitted with no evidence as to the weekly income of the defendant. The Court ordered child support in the amount of $85.00 per week for the minor child who was the issue of the marriage. The defendant was further ordered to pay the sum of $1.00 per year alimony.
The plaintiff filed a motion to modify both child support and alimony by motions dated November 24, 1999. The parties appeared with counsel on March 8, 2000. Prior to the contested alimony hearing, the parties agreed that child support should be modified to the amount of $131.00 per week retroactive to December 11, 1999. The Court ordered said Child Support Modification on March 8, 2000, together with the requirement that the defendant cover the minor child for health insurance through his place of employment. The plaintiff was ordered to pay the first $100.00 per year for unreimbursed and uncovered health care expenses, with the excess divided for payment as follows: 46% by the plaintiff and 54% by the defendant.
The parties next contested the issue of the modification of alimony. At the hearing the defendant testified that he and the plaintiff had an agreement that he would pay $85.00 per week child support at the time of the dissolution of the marriage. Said agreement was not based on child support guidelines and further no financial information concerning the defendant's earnings, expenses and liabilities were submitted to the Court. The plaintiff, at the present hearing, also failed to submit evidence to the Court as to the income and expenses of the defendant as of the time of the dissolution of marriage. The plaintiff on the record, waived her claim to seek an increase in alimony based on the increase in income of the defendant from the date of the dissolution of marriage in 1991 to the date of the hearing in 2000.
The plaintiff testified and submitted evidence claiming that the Court should reopen and modify the judgment to increase alimony based on her increase in weekly expenses resulting from CT Page 4449 her move with the minor child from the State of Maine to the State of Arizona. She further argued that at the time of the dissolution of the marriage, although totally disabled for the purposes of social security disability, it was her intention to retrain and return to work to increase her income. She also testified and submitted medical exhibits indicating that she is presently permanently and totally disabled from seeking substantial gainful employment in the future (Plaintiff's Exhibit 1). The defendant claims that the plaintiff has failed to sustain her burden of proof, showing a substantial change in circumstances, permitting the Court to modify alimony from the $1.00 per year as previously ordered as of the date of the dissolution.
The Court is duty bound to follow Connecticut General Statute § 46b-86 in deciding a motion to reopen judgment and modify alimony. The Court is required to consider the needs and financial resources of each part . . . as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of the parties. Borkowski v. Borkowski, 228 Conn. 729
(1994). The party seeking a modification post judgment of an alimony order must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the prior order. Benson v. Benson, 187 Conn. 380 (1982); Cleveland v.Cleveland, 161 Conn. 452 (1971). The Court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties and if the Court finds a substantial change in circumstances, it may properly consider the motion and on the basis of § 46b-82 criteria, make an order for modification. Shern v. Shern, 50 Conn. App. 225, 228-9
(1998 as amended January 12, 2000).
The Court has reviewed the transcript of the hearing and exhibits submitted at the hearing, together with the financial affidavit of the plaintiff submitted at the time of the dissolution and the financial affidavits submitted at the present hearing. The Court concludes that the plaintiff's living expenses have increased by approximately $225.00 per week since the 1991 CT Page 4450 orders were entered. Further, her income has not increased from the date of dissolution of the marriage to the present. The Court also finds that the plaintiff intended to retrain and obtain substantial gainful employment subsequent to the date of the divorce. The record contains uncontroverted evidence that the plaintiff returned to school to be reeducated to perform sedentary work in 1993. Her testimony further bears out the fact that she worked for periods of time from 1995 to 1997 when she was advised by her treating physician to stop work in November of 1997 due to lumbar and cervical spondylosis, chronic low back and neck pain and increasing right hip pain as a result of arthritis. Dr. Johnson further opined that she would never return to gainful employment in the future.
Based upon the evidence presented, the Court finds that the plaintiff has sustained her burden of proof of a substantial change in circumstances resulting in a modification of the alimony order. She has proved that she has incurred an increase in household expenses due to factors more than simple inflation based upon financial affidavits and testimony presented. Howat v.Howat, 1 Conn. App. 400, 403 (1984). As an alternate ground, the Court finds that the plaintiff has proven a deterioration in her physical condition resulting in her inability to continue the employment she enjoyed from 1995 to 1997 as a result of educational retraining. The progression of her physical maladies has prevented her from discontinuing social security benefits by earning sufficient funds to maintain her financial needs on a continuing basis. The Court finds the plaintiff's testimony to be credible concerning her claim that she was not advised as of the date of the dissolution of marriage that she would be permanently and totally disabled in the future from any substantial gainful employment. (Emphasis added) In fact, the record holds to the contrary. The plaintiff did go back to school, become retrained in sedentary work and engaged in sedentary work for a period of time until her treating physician in the State of Arizona advised her to terminate employment and to never return.
The Court hereby reopens the judgment and modifies the existing alimony order of $1.00 per year to the sum of $75.00 per week with said order retroactive to December 11, 1999. CT Page 4451
Devine, J.