## DOLORES P. VALITSKY v. JOSEPH VALITSKY

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued February 6—decision released March 25, 1975

*Richard P. Heffernan,* for the appellant (defendant).

*John A. Barbieri,* with whom, on the brief, was *Jason E. Pearl,* for the appellee (plaintiff).

PER CURIAM. The parties to this appeal were divorced on March 23, 1973, on complaint by the plaintiff. In lieu of alimony, the plaintiff was awarded the defendant's interest in the residence they had occupied as a home. She was also awarded custody of the parties' four minor children, now ranging in age from fifteen to seven and one-half years. The defendant was ordered to pay support in the amount of $20 per week for each child. In November, 1973, the plaintiff moved for a modification of the order for support and after hearing the court rendered judgment increasing the amount of the weekly support payments from $20 a week to $30 a week for each child. It is from this modification of the judgment that the defendant has appealed to this court.

The record discloses that in filing the financial statements required by the provisions of § 380 of the Practice Book, as amended, as they were in

effect at the time of the original decree and at the time of the modification, the defendant failed to comply with the requirement that he report his "gross earnings, gross wages and all other income." Instead of listing his gross earnings and gross wages with the details as to any deductions, the defendant in both affidavits listed only what he claimed as his net weekly income. The amount of his gross pay was first elicited at the hearing on the modification. The defendant has assigned as error the court's computation made as a result of the modification hearing that based on gross earnings then disclosed the defendant's net weekly income was $189 rather than $153 and $156 as stated in his affidavits. As this court, however, observed in *Baker* v. *Baker,* 166 Conn. 476, 489, 352 A.2d 277, quoting from *Crowell* v. *Palmer,* 134 Conn. 502, 510, 58 A.2d 729: " 'Where a defendant has by his wrongful conduct made the calculation of damages difficult, he will not be heard to urge such difficulty as a reason for not assessing by approximation.' "

It also appears that the defendant during the summer of 1973 did some part-time carpentry work for remuneration which was not reported on his affidavit submitted at the hearing for modification.

General Statutes § 46-57 expressly provides that upon the dissolution of a marriage the parents of a minor child of the marriage who is in need of maintenance "shall maintain such child according to their respective abilities" and sets out the criteria which the court shall consider in requiring such support. It further provides that upon complaint or motion by either parent subsequent to a decree dissolving the marriage the court shall inquire into

the child's need of maintenance and the respective abilities of the parents to supply such maintenance and "make and enforce such decree for the maintenance of such child as it considers just."

The amount to be awarded for the support of the minor children rested in the sound discretion of the trial court. " 'An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant.' *LaBella* v. *LaBella*, 134 Conn. 312, 318, 57 A.2d 627." *Baker* v. *Baker*, supra, 488.

We find no abuse of the court's discretion in the modification decree which it rendered.

There is no error.