[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
Plaintiff brings this action against defendant for the recovery of medical expenses for services provided to defendant's minor son. This action is brought pursuant to General Statutes46b-37. The plaintiff has filed a motion for summary judgment. The defendant has objected, claiming that she and the father of the child are divorced and 46b-37 is thus inapplicable.
Calway v. Calway, 26 Conn. App. 737 (1992) involved a similar situation. In that case the mother was forced to spend considerable sums on medical care for her two children claiming a gap in insurance coverage which the father, according to the dissolution agreement, was supposed to maintain for the children. Id., 739-740. The court noted that the "threshold issue. . . is whether the joint statutory liability of spouses for the medical CT Page 7769 and dental expenses of the minor children as described in General Statutes 46b-37(b) survives a dissolution of the marriage." Id., 744.
The court answered in the negative reasoning that "extend[ing] the spousal obligations of 46b-37(b) beyond dissolution would have the impermissible consequences of undermining the statutory scheme of marital rights and obligations on one hand, and dissolution rights and obligations on the other." Id., 745. "The plain language of 46b-37(b) . . . indicates that the obligations contained therein apply only to predissolution relationships." Id., 745-746. The court believed that otherwise conflicts could arise between 46b-37(b) and dissolution agreements. Id. Therefore, the scope of 46b-37(b) is limited to. . . medical expenses of the minor children incurred prior to the dissolution of the parents' marriage. The plaintiff and defendant were divorced in 1978, and therefore, their statutory obligations under 46b-37 terminated at that time. Id., 746.
Similarly, in the instant case the defendant's marriage was dissolved years before the provision of medical services to her minor child. Therefore, at that time, her obligations under46b-37 terminated. The plaintiff's motion for summary judgment is denied.
COFIELD, J.