[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A minor child of the defendants, James E. Savage, Jr. and Marsha S. Espy, was the recipient of hospital and physician care with the plaintiff, Elmcrest Psychiatric Institute. At the time of the hospitalization, the child was living with his mother who had been granted custody by virtue of an earlier judgment of divorce. All arrangements for the hospitalization were negotiated by the mother and over a long period of treatment it was the mother who was billed. A substantial part of the bill was paid by the father's insurance. After the insurance payment there remained a balance of $6,328.74. Thereafter, payment was sought from both parents by the plaintiff. The defendant has been defaulted and judgment has been entered as against her.
The judgment of dissolution provides for custody of the child CT Page 11184 to be with the mother, and an order for child support to be paid by the father to the mother with the father to maintain certain medical insurance, Blue Cross and CMS. There is no provision for payment of medical and hospital cost remaining unpaid after the exhaustion of any and all insurance benefits. The defendant father has paid all, and done all that he is required to pay or do by virtue of the judgment of divorce.
The plaintiff now comes and seeks a judgment against the defendant non-custodial father for the balance due on the hospital and or medical bill for services rendered to his minor child.
As between the two defendants, there is no evidence that there ever was an agreement to cover this situation and certainly the divorce decree is silent. Even though, the courts consistently hold that after a divorce, the common law duty to support a minor child or children of the marriage rests on both parents according to their respective abilities. Valitsky v. Valitsky,168 Conn. 264, 265, 363 A.2d 60 (1975); Cleveland v. Cleveland,165 Conn. 95, 99, 328 A.2d 691 (1973); Yates v. Yates,155 Conn. 544, 547, 235 A.2d 656 (1967); White v. White, 138 Conn. 1,5, 81 A.2d 450 (1951); General Statutes Sec. 46b-84. "A parent has both statutory and common law duty to support his minor children within the reasonable limits of his ability." (Citation omitted). Weisbaum v. Weisbaum, 2 Conn. App. 270, 272-73,477 A.2d 690 (1984). General Statutes Sec. 46b-84 provides in relevant part that "[u]pon or subsequent to the . . . dissolution of any marriage . . ., the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, in the child is in need of maintenance." General Statutes Sec. 46b-84(a). "The needs of the child, within the limits to the financial abilities of the parent, form the basis for the amount of support required." (Citation omitted.) Raymond v. Raymond, 165 Conn. 735,739, 345 A.2d 48 (1974). Additionally, "a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay." (Citation omitted.) Fowler v. Fowler, 156 Conn. 569, 572,244 A.2d 375 (1968). "The obligation of the [father] for the support of [his] minor child [is] not terminated by the divorce." Yates, supra, 547.
In any event, this is a case of a third-party providing a necessity of life [1] to a minor child of both defendants. The entering of a divorce decree, with custody and child support order imposes upon the mother and the father certain rights and duties, one to CT Page 11185 the other. Valitsky v. Valitsky, 168 Conn. 264, 265, 363 A.2d 60
(19753; Cleveland v. Cleveland, 165 Conn. 95, 99, 328 A.2d 691
(1973); Yates v. Yates, 155 Conn. 544, 547, 235 A.2d 656
(1967); White v. White, 138 Conn. 138 Conn. 1, 5, 81 A.2d 450
(1951); General Statutes Sec. 46b-84. It in no way removes the status of parent/child as to the relationship of the non-custodial parent. See Id. The obligation to supply support and maintenance for that child as to all other third-party suppliers of necessity is not affected. U.S. v. Edwards, 572 F. Sup. 1527 (D. Conn. 1983); see State v. Dumlao, 3 Conn. App. 607, 615,491 A.2d 404 (1984).
The non-custodial parent cannot insulate himself or herself from the claims of a provider of a necessary service to a minor child reaching disastrous proportions by being current on their support order. See Id. It would make no sense to foist upon society to pick up the bill. To do so would be to require society to pick up a bill without examination of the appropriateness of the support order or the other assets of the non-custodial parent.
The defendant father relies upon Calway v. Calway, 26 Conn. App. 737,747 (1992), for a bases that the defendant is absolved of this responsibility to the supplier. This court is not persuaded. A reading of the case shows that it pertains to rights and responsibility by and between the divorced mother and father for the liability for a necessity rendered to their child. The Connecticut Court of Appeals in Calway held that General Statutes Sec. 46b-37
only applied to parental and spousal support obligations during the course of the marital relationship, not after dissolution of the marital relationship, which is covered by General Statutes Sec. 46b-84. Id., 744-49. General Statutes Sec. 46b-37 provides in pertinent part:
 (a) Any purchase made by either a husband or wife in his or her own name shall be presumed in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase.
 (b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife or minor child while residing in the family of its parents . . . . CT Page 11186
General Statutes Sec. 46b-37(a) and (b). This court agrees with the Calway decision to the extent that General Statutes Sec. 46b-37
govern the rights and duties to support during the marital relationship and that General Statutes Sec. 46b-84 govern the rights and duties to support upon the dissolution of the marriage. The Calway court correctly states that "the liability under one statute, Sec. 46b-37, ends when the liability under another, Sec.46b-84, begins." Calway, supra, 746.
General Statutes Sec. 46b-86 provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in circumstances of either party."
The Calway court never expressly abrogated the common law duty of a parent to support their minor child. The Connecticut Supreme Court holds that "in enacting statutes governing child support, Sec. 46b-86(a), the legislature did not intend to depart from the common law rule rendering contracts between parents regarding child support ineffective to limit their children's right to parental support." Guile, supra, 266. Likewise, "a parent cannot make contract with each other regarding the maintenance or custody of their child that the court is compelled to enforce." (Citation omitted.) Lownds, supra, 105. "Although parties have a statutory right to enter into agreements affecting their children, a trial court has the power to reject or modify such agreements if it determines that such agreements are not equitable." Id., citing Masters v. Masters, 201 Conn. 50, 65, 513 A.2d 104 (1986). "It is the duty of the court to enter such orders as it believes to be in the best interest of the children, and it is a responsibility that cannot be delegated or abrogated by agreement of the parties." (Citation omitted.) Id. General Statutes Sec. 46b-86 permits a court to modify or make an order for child support where there is a substantial change of circumstance. Swayze v. Swayze,176 Conn. 323, 408 A.2d 1 (1978); Friedly v. Friedly, 174 Conn. 279,386 A.2d 236 (1978); Grinold v. Grinold, 172 Conn. 192,374 A.2d 172 (1976); Fisher v. Fisher, 25 Conn. App. 82,592 A.2d 968, certification denied, 220 Conn. 917, 597 A.2d 333
(1991); General Statutes Sec. 46b-86.
There is and remains a basic obligation for parents to be responsible for necessity of life of the minor child. Guille, supra. CT Page 11187 What agreements the parents may have by and between themselves as to how such expenses will be paid or whatever obligation may be imposed by a court decree does not affect the ultimate obligation and liability of that parent to a supplier of basic necessity for the benefit of that parent's minor child. See Id.
Accordingly, judgment is entered for the plaintiff, Elmcrest Psychiatric Institute, against the defendant James E. Savage, Jr. for $6,328.74. No interest nor attorney fees are awarded.
Walsh, J.