[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is a motion to strike (#113) filed by defendant Leonard Sansone. In the original complaint the plaintiff, Michael Bandler, who appears pro se, sued the defendant Ramona Sansone for $5000 to recover money he allegedly loaned her. The plaintiff claimed that Mrs. Sansone's husband, the defendant, Leonard Sansone, was also responsible for the debt, but did not set forth the basis of his liability. Leonard Sansone filed a motion to strike (#104), which was granted on June 17, 1992, by Judge Rush.
On June 29, 1992 the plaintiff filed a revised complaint (#111) in two counts. In the first count plaintiff alleges that Ramona Sansone needed money to rent a place of her own and to hire a lawyer to obtain a court order protecting her against her husband, Leonard Sansone. The plaintiff claims he loaned $5,000 to Ramona Sansone so she could rent an apartment and pay legal fees. The second count, which is the subject of this motion to strike, states that Ramona Sansone was forced to flee her husband because of physical and mental abuse, and that her husband, Leonard Sansone, provided no support to his wife "during the period of her forced separation."
Leonard Sansone has moved to strike this count on the ground that it does not state facts setting forth a cause of action against him. The function of a motion to strike was summarized by our Supreme Court in CT Page 3468 Westport Bank and Trust Company v. Corcoran, Mallin and Aresco,221 Conn. 490, 495-496, 605 A.2d 862 (1992), in these words: "A motion to strike challenges the legal sufficiency of a pleading . . . In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff . . . This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or options stated in the complaint . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (internal citations and quotations omitted).
Thus our task is to assume the facts in the complaint are true, and then to determine whether it states a cause of action. The cause of action which the plaintiff claims to have set forth is based on General Statutes 46b-37(c), which provides that "a spouse is not responsible for any liability incurred by the other spouse during or after separation as long as the spouse liable for support of the other spouse has provided the other spouse with reasonable support." Calway v. Calway, 26 Conn. App. 737, 746, 603 A.2d 434 (1992).
Thus, construing the complaint in a manner most favorable to the plaintiff, the motion to strike must be denied because the plaintiff arguably has set forth a cause of action based on General Statutes46b-37. He has alleged that he provided money to Ramona Sansone for her rental of a dwelling unit and for her support during a time that she was separated from her husband, and further that her husband, Leonard Sansone, did not provide her "with reasonable support" during that period.
The motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of April, 1993.
William B. Lewis, Judge CT Page 3469