[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUBSTITUTE PARTY PLAINTIFF
The motion was brought by George J. Ferrio as administrator of the Estate of Joan Kratzer who died intestate on April 1, 1993, pursuant to Connecticut Practice Book § 101 and General Statutes § 52-599. Section 101 provides as follows:
 When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to CT Page 1462 do, allow any other person to be substituted or added as plaintiff.
The movant seeks to be substituted as plaintiff in order to maintain a contempt action against the defendant for failure to maintain health insurance for the plaintiff as ordered in a judgment of dissolution entered on November 13, 1978 (Tedesco, J.) The judgment required the defendant to maintain C.M.S. and Blue Cross medical insurance as well as alimony and other orders. The plaintiff did not allege nor establish that the dissolution action had been commenced in the name of the wrong person nor that it was necessary to substitute the right person to resolve that action.
The action was commenced by the plaintiff decedent through her attorney by a complaint dated June 29, 1978. Judgment was entered on November 13, 1978 after the court found it had jurisdiction of both parties.
For these reasons, the court finds that Connecticut Practice Book § 101 does not apply to the facts of this case.
The administrator also seeks to substitute himself as a party plaintiff in order to bring a contempt action pursuant to General Statutes § 52-599, which provides in part that "a cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." General Statutes § 52-599(a)(b). Subparagraph (c) specifically states that this statute does not apply in which the death of any party would defeat the cause of action or render it useless.
There is no dispute that the plaintiff was a patient at Bridgeport Hospital from March 19 to April 1, 1993, the date of her death, and the hospital is owed $29,346.67. The defendant concedes that the judgment required him to provide health insurance for the plaintiff. It is undisputed that a health insurance policy with Protective Life Insurance Company was in effect when the plaintiff died in April, 1993. This company, on January 7, 1994, approximately seven months after the plaintiff's death, notified the defendant that he was required to pay an additional premium retroactively in order to cover the plaintiff's medical expenses incurred prior to her death. The defendant refused to pay this additional premium and the company rescinded coverage on March 3, 1994. CT Page 1463
The court finds that the defendant had complied with the court order to provide health insurance coverage and that her death terminated that obligation. The order did not require him to pay the plaintiff's medical or hospital bills.
The administrator of the plaintiff's estate may have a cause of action against the insurance company to recover the hospital expenses. The plaintiff's alleged failure to disclose a preexisting medical condition would be her responsibility. The defendant, however, cannot be held in contempt of an order he has complied with; therefore, the administrator cannot be substituted as a party plaintiff. The plaintiff's death defeats the cause of action under § 52-599(c) of the General Statutes.
 The authority of a court to find a party in contempt is founded in the court's need to have the ability to coerce compliance with its orders. Tufano v. Tufano, 18 Conn. App. 199, 125, 556 A.2d 1036 (1989). "The inability of a contemnor to obey a court order through no fault of [his] own is a defense to a claim of contempt. . . . In other words, the act for which the penalty was imposed cannot constitute contempt if the actor was unable to obey the order." Citations omitted. Tatro v. Tatro, 24 Conn. App. 180, 186, 587 A.2d 154 (1991). The underlying assumption of such analysis is that a prior order exists on which to base a finding of contempt. Thus, if no prior court order exists, an actor cannot obey it, and, therefore, the trial court cannot hold the actor in contempt for noncompliance with a nonexisting order.
Calway v. Calway, 26 Conn. App. 737, 743, 744.
For all the foregoing reasons, the motion to substitute the Administrator of the Estate of Joan Kratzer as a party plaintiff is denied.
ROMEO G. PETRONI, JUDGE CT Page 1464