[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a motion for contempt and sanctions filed by mother, (hereinafter the respondent), in this neglect case, seeking to have this court find the Department of Children and Families, (hereinafter the petitioner), in contempt for statements made by an employee to the media in violation of §§ 17a-28 (b) and46b-124 (a) of the Connecticut General Statutes.
The essential facts are not disputed. On June 23, 1996, Steven Slosberg, a reporter for the Day, a newspaper in New London, Connecticut, published an article dealing with the facts of the case. In the article, David Dearborn, an employee of the petitioner was quoted. The quotes disclosed to the public both CT Page 7204 the recommendation of the petitioner and the results of an interstate study relative to placement of the respondent's child. (Respondent's Exhibit A.)
At a hearing held in this court on September 30, 1996, Mr. Dearborn, who is the Director of Communications for the petitioner, admitted telling the reporter in a telephone interview that the petitioner would recommend that the child be placed with father and that a positive report had been received from authorities in Texas relative to this proposal. He further testified that the reporter already had a wealth of information about the case and that he, Dearborn, wanted to insure the information to be released by the reporter would be accurate. He added that he never divulged any part of the file of the juvenile court[1] and he was not aware of the juvenile court confidentiality laws. He believed that his conduct was consistent with the petitioner's policy at the time.[2]
Conn. Gen. Stat. § 17a-28, which deals exclusively with the records of the petitioner, provides in pertinent part as follows:
 (b) Notwithstanding the provisions of §§ 1-19, 1-19a or 1-19b, records maintained by the department shall be confidential and shall not be disclosed. Neither the commissioner nor any of his employees shall disclose, in whole or in part, the nature or content of any records of any person to any individual, agency, corporation or organization without the consent of the person, his attorney or his authorized representative, except as provided in subsections (c) and (d) of this section. Any unauthorized disclosure shall be punishable by a fine of not more than one thousand dollars or imprisonment for not more than one year, or both. Conn. Gen. Stat., § 17a-28 (b).
The respondent has asked the court to find the petitioner in contempt and to impose a fine in the amount of $1000.00 as by the statute provided.
The petitioner has moved to dismiss the motion for contempt on the ground that the respondent has failed to establish a prima facie case pursuant to Practice Book § 302.
The court, after reviewing the testimony introduced by the CT Page 7205 respondent, finds that the petitioner's employee, by disclosing to a newspaper reporter the recommendation relative to placement of the child and the result of the interstate study, has apparently violated § 17-28 (c) Conn. Gen. Stat. None of the exceptions in (c) or (d) of the statute apply to release of information to the media.
Notwithstanding this finding, the court concludes that it cannot use its contempt power to prosecute a violation of a statute. See Calway v. Calway, 26 Conn. App. 737, 747 (1992), in which the court held that "the court's authority to issue contempt orders is limited to noncompliance with court rules, orders, judgments or mandates, but not statutes." (Emphasis supplied.) Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense. State v.Jackson, 147 Conn. 167 (1960). (Emphasis supplied.)
Violations of a statute should be prosecuted by means of an information or complaint. Practice Book § 616. A copy of this memorandum is to be forwarded to the state's attorney for New London County for his review.
The motion to dismiss is granted.
Potter, J.