[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (#116) PLAINTIFF'S CONTEMPT CITATION
On December 22, 1987, a judgment of this court (Lavery, J.) entered dissolving the marriage of the parties and ordering, inter alia, that the parties share equally the cost of any uninsured or uncovered "medical and dental" expenses incurred for the benefit of the minor children.
The plaintiff-mother, who is the custodial parent, subsequently incurred an expense in the approximate amount of $3,000.00 for orthodontic treatment for the minor child Victoria and has cited the defendant to appear in this court and show cause why he should not be held in contempt for his failure to pay contribution of fifty (50%) percent toward that obligation pursuant to the judgment of dissolution.
The defendant has failed and refused to make such contribution for that expense claiming that it is not an expense which he agreed to share. He further maintains that it is not an expense that is properly a "medical" or "dental" expense as contemplated by the parties in the dissolution decree nor is it one that is so necessary as to be the legal obligation of his, either under law or under the terms of the judgment.
Parents are obligated by law to provide certain necessary expenses for the benefit of their minor children. Connecticut General Statutes § 46b-37 (b) provides in part ". . . it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist . . ."
However, the joint liability of a husband and wife for such expenses for their minor children under § 46b-37 does not apply after a dissolution of their marriage. Waterbury Hospitalvs. Crandall, 7 Conn. L. Reporter 251. 7 C.S.C.R. 1030 (Waterbury 1992).
Connecticut General Statutes § 46b-84 contains provisions for the division of property and for the support of children and spouses in dissolution actions. Section 46b-84 (a) provides: "(a) Upon or subsequent to the annulment or dissolution of any CT Page 8126 marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance."
The language of § 46b-84, C.G.S. indicates that, upon the dissolution of a marriage, the trial court is to determine the future obligations of the parents concerning the maintenance of the children. Calway vs. Calway 26 Conn. App. 737, 747 (1992).
The parties' agreement, which became incorporated in the judgment, expressly provided that "medical" and "dental" expenses would be either covered under an insurance policy or, if not so covered, would be shared equally by the parties.
The dissolution judgment in the instant case is silent regarding orthodontia expenses. No agreement between the parties with respect to such expenses was incorporated into the original judgment. Unless the movant is correct in her claim that the term "medical and dental expenses" was somehow intended by the parties to include orthodontia expenses, the plaintiff does not have an obligation to pay one half of such expenses.
The fact that the defendant may have previously contributed to similar expenses for the parties' minor son does not, in and of itself, obligate him to do so regarding the bills incurred for Victoria.
There was no testimony or evidence offered by the plaintiff to permit a finding that the plaintiff incurred those expenses in reliance upon an express promise by the defendant to contribute to their payment.
There was not sufficient evidence offered by the plaintiff to permit a finding by the court that the orthodontia work performed on Victoria was necessary in the sense that her health required such treatment.
"Medical" and "dental" services are traditionally the responsibility of the parents of minors for the reason that they necessarily involve the health of the patient. Orthodontia, however, traditionally involves the straightening or other such enhancement of the patient's teeth. Situations can be contemplated wherein such treatment is required to prevent or correct gross aberrations or deformities of the teeth which go CT Page 8127 beyond the esthetic or cosmetic. There has been no evidence offer by the plaintiff that Victoria's situation was one of those.
For the reasons stated, the court finds that orthodontia services and the related costs and expenses incurred in this case were not specifically intended to be an obligation of the parties under the terms of the dissolution judgment or pursuant to any other agreement of the parties.
The defendant's failure to pay arose from a legitimate dispute over the interpretation of the decree and was not therefore, wilful or contemptuous. Bucy vs. Bucy,23 Conn. App. 98, 101 (1990).
The motion for an order finding the defendant to be in contempt for his failure to pay fifty (50%) percent of said obligation is denied.
DOHERTY, JUDGE.