[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO AMEND THE ANSWER AND CROSS-COMPLAINT
Defendant requests permission to amend her answer and cross-complaint. She seeks to amend her prayer for relief in the First Count to request joint legal custody of the parties' minor children. No objection was filed as to this request and therefore it is granted.
The second request seeks permission to add a count seeking equitable relief pursuant to Gen. Statutes § 46b-37.
Practice Book § 10-60(b) provides that, upon objection, a request to amend may be denied "so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Our courts have followed a liberal policy, even with regard to belated amendments, "unless the amendment will cause an CT Page 15323 unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party, or confuse the issues, or unless the delayed amendment is attributable to some misconduct on the part of its proponent." STEPHENSON, Connecticut Civil Procedure, § 55b (3rd ed. 1997). The Plaintiff's objection does not relate to any of these reasons.
Plaintiff complains that the proposed claim for relief is improper because no order based on § 46b-37 may be entered at the time of dissolution. The court disagrees.
The Plaintiff's reliance on the Appellate Court's decision, in Calway vs. Calway, 26 Conn. App. 737 (1992), is misplaced.Calway concerned post dissolution issues. In Calway, the court determined that § 46b-37(b) identifies the obligations of spouses during their marriage and does extend beyond dissolution. Id. at 746. The Appellate Court's decision in Febbroriello vs.Febbroriello, 21 Conn. App. 200 (1990), supports this conclusion. In Febbroriello, the Appellate Court upheld a trial court's final dissolution judgment which awarded $7500 to a wife based on the husband's failure to provide reasonable support under §46b-37. And according to the Connecticut Practice Book, FamilyLaw and Practice:
 "C.G.S.A. § 46b-37 relates only to spousal obligations which exists during a marriage. The obligations do not extend beyond the dissolution of the marriage. Once a dissolution is granted, C.G.S.A. § 46b-84 is the sole basis on which to determine the parents continuing obligation for the support of the minor children." RUTKIN, EFFRON and HOGAN, 7 Connecticut Practice Series: Family Law and Practice § 11.1 (1998 supp. ).
Therefore, relief pursuant to § 46b-37 may be available and Plaintiff's objection must fail on both substantive and procedural grounds.
Plaintiff's objection to the motion to amend the answer and the cross-complaint is overruled and the Defendant's motion to amend is granted.
HILLER, J. CT Page 15324